UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PETRIN, LLC

VERSUS

DUN & BRADSTREET, INC.
AND SUPPLIER

CIVIL ACTION

NO. 17-1095-SDD-EWD

**NOTICE AND ORDER**

On September 12, 2017, plaintiff, Petrin, LLC ("Plaintiff" or "Petrin") filed a Petition (the "Petition") in state court against Dun & Bradstreet, Inc. ("D&B") and an unknown supplier.[1] Per the Petition, Plaintiff asserts claims of defamation and negligence against D&B. Plaintiff alleges that it received an unsolicited email from D&B indicating that Plaintiff's "Paydex" score, which "purports to reflect the payment history of a small business and its current re-payment capabilities,"[2] had declined overnight, and that despite Plaintiff's insistence that the score had declined due to the reporting of a false claim in the amount of $900,000.00, D&B refused to disclose the name of the supplier which had made the allegedly false claim and failed to timely investigate the claim. Plaintiff further alleges that it was forced to submit a business credit report containing the erroneous Paydex score to one of its major clients.[3] Plaintiff contends that the unknown supplier (who reported the allegedly false claim) made false and defamatory statements regarding Petrin to D&B, and that D&B in turn published such false and defamatory statements in Petrin's business credit report.[4] Plaintiff further alleges that D&B was negligent in failing to take reasonable steps to verify the accuracy of information placed on Petrin's business credit report

---

[1] R. Doc. 1-4.

[2] R. Doc. 1-4, ¶ 31.

[3] R. Doc. 1-4, ¶ 55.

[4] R. Doc. 1-4, ¶ 60.

1

"especially when Petrin provided D&B with overwhelming evidence of the inaccuracy of the False Claim."[5] Plaintiff alleges that D&B's actions have caused harm to its professional reputation and business and seeks damages for D&B's defamation and negligence, "including the $7,500 that Petrin paid to D&B" for additional credit services purchased "in order to address the inaccurate information" on the business credit report.[6]

On October 12, 2017, D&B removed this action pursuant to 28 U.S.C. § 1332.[7] D&B alleges that it "is a foreign corporation incorporated in the State of Delaware with its principal place of business in the State of New Jersey."[8] This is a sufficient allegation regarding the citizenship of D&B. *See*, *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."). However, with respect to Plaintiff, which is a limited liability company,[9] D&B alleges that Plaintiff "is a citizen of and domiciled in the State of Louisiana" and explains

> For individual parties, the courts have equated domicile with citizenship. *See*, *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974). "Domicile" is not synonymous with "residence"; one can reside at one place but be domiciled in another, and one can have more than one residence, but only one domicile.[10]

---

[5] R. Doc. 1-4, ¶ 70.

[6] R. Doc. 1-4, ¶¶ 65, 66, & 72.

[7] R. Doc. 1. Petrin additionally has named the unknown "supplier" which allegedly made the false claim as a defendant. For purposes of determining whether there is diversity subject matter jurisdiction, the citizenship of a defendant which has been sued under a fictitious name may be disregarded. 28 U.S.C. § 1441(b)(1).

[8] R. Doc. 1, ¶ 17.

[9] *See*, R. Doc. 1-4, ¶ 1 ("Plaintiff Petrin LLC ('Petrin') is a Louisiana limited liability company domiciled in West Baton Rouge Parish, Louisiana.").

[10] R. Doc. 1, ¶ 14.

Based on these allegations, it appears that D&B seeks to establish the citizenship of a limited liability company based on the rules of citizenship relevant to *individuals*. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). To properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).

Moreover, it is not apparent from the face of Plaintiff's Petition that the claims are likely to exceed $75,000.00. In the Petition, Plaintiff does not allege the extent of damages purportedly suffered, nor does it allege that D&B's actions resulted in the loss of a specific amount of business. Indeed, the only explicit amount of damages referenced in the Petition is the $7,500.00 allegedly spent on additional credit services. D&B provides no additional information regarding the amount in controversy in the Notice of Removal.[11] Based on the allegations set forth in the Petition, as well as the information in the Notice of Removal, the court *sua sponte* raises the issue of whether

---

[11] R. Doc. 1, ¶ 11 ("Plaintiff alleges that it suffered harm to its professional reputation and its business as a result of D&B's refusal to remove the False Claim and to disclose the identity of its source. As such, Plaintiff seeks to recover damages for defamation and negligence against D&B and the unnamed codefendant that allegedly provided the False Claim. Plaintiff also seeks recovery of the $7,500 it allegedly paid to D&B for the Credibility Concierge® product, which was purchased to repair its PAYDEX Score® and to remove the alleged False Claim from its business credit report.").

it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met.

Accordingly,

**IT IS ORDERED** that Dun & Bradstreet, Inc. ("D&B") shall file a Motion to Substitute the Notice of Removal (R. Doc. 1) with a comprehensive Notice of Removal that properly alleges the citizenship of Petrin, LLC. D&B shall have seven (7) days from the date of this Notice and Order to file the Motion to Substitute. No leave of court is necessary to file the Motion to Substitute.

**IT IS FURTHER ORDERED** that D&B shall file a memorandum and supporting evidence concerning subject matter jurisdiction, specifically whether the amount in controversy requirement of 28 U.S.C. § 1332 is met, within ten (10) days of this Notice and Order.

**IT IS FURTHER ORDERED** that Plaintiff shall file either: (1) a memorandum and supporting evidence concerning the court's subject matter jurisdiction, specifically, whether the amount in controversy requirement of 28 U.S.C. § 1332 is met; or (2) a Motion to Remand, within ten (10) days after the filing of the D&B's memorandum.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on October 20, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

4