UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PETRIN, LLC

VERSUS

DUN & BRADSTREET, INC.
AND SUPPLIER

CIVIL ACTION

NO. 17-1095-SDD-EWD

**ORDER**

Before the court is a Motion for Leave to Conduct Jurisdictional Discovery and for Extension of Time[1] (the "Motion") filed by defendant, Dun & Bradstreet, Inc. ("D&B"). As set forth herein, the Motion is **GRANTED**. D&B is granted an extension of thirty (30) days from the date of this Order to comply with this court's October 23, 2017 Notice and Order.[2]

On September 12, 2017, plaintiff, Petrin, LLC ("Plaintiff" or "Petrin") filed a Petition (the "Petition") in state court against D&B and an unknown supplier.[3] Per the Petition, Plaintiff asserts claims of defamation and negligence against D&B.[4] On October 12, 2017, D&B removed this

---

[1] R. Doc. 5.

[2] R. Doc. 4.

[3] R. Doc. 1-4.

[4] Plaintiff alleges that it received an unsolicited email from D&B indicating that Plaintiff's "Paydex" score, which "purports to reflect the payment history of a small business and its current re-payment capabilities," had declined overnight, and that despite Plaintiff's insistence that the score had declined due to the reporting of a false claim in the amount of $900,000.00, D&B refused to disclose the name of the supplier which had made the allegedly false claim and failed to timely investigate the claim. R. Doc. 1-4, ¶ 31. Plaintiff further alleges that it was forced to submit a business credit report containing the erroneous Paydex score to one of its major clients. R. Doc. 1-4, ¶ 55. Plaintiff contends that the unknown supplier (who reported the allegedly false claim) made false and defamatory statements regarding Petrin to D&B, and that D&B in turn published such false and defamatory statements in Petrin's business credit report. R. Doc. 1-4, ¶ 60. Plaintiff further alleges that D&B was negligent in failing to take reasonable steps to verify the accuracy of information placed on Petrin's business credit report "especially when Petrin provided D&B with overwhelming evidence of the inaccuracy of the False Claim." R. Doc. 1-4, ¶ 70. Plaintiff alleges that D&B's actions have caused harm to its professional reputation and business and seeks damages for D&B's defamation and negligence, "including the $7,500 that Petrin paid to D&B" for additional credit services purchased "in order to address the inaccurate information" on the business credit report. R. Doc. 1-4, ¶¶ 65, 66, & 72.

1

action pursuant to 28 U.S.C. § 1332.[5] However, and as set forth in the October 23, 2017 Notice and Order, D&B's allegations regarding the citizenship of Plaintiff are insufficient to establish this court's subject matter jurisdiction.[6] Moreover, it is not apparent from the face of Plaintiff's Petition that the claims are likely to exceed $75,000.00.[7] Accordingly, on October 23, 2017, the court ordered D&B to file a Motion to Substitute the Notice of Removal (R. Doc. 1) with a comprehensive Notice of Removal that properly alleges the citizenship of Petrin, LLC on or before October 30, 2017. The court further ordered D&B to file a memorandum and supporting evidence concerning subject matter jurisdiction, specifically whether the amount in controversy requirement of 28 U.S.C. § 1332 is met, on or before November 2, 2017.

On October 27, 2017, D&B filed the instant Motion.[8] Therein, D&B requests a 30-day extension of time to allow it to respond to the October 23, 2017 Notice and Order. D&B asserts that it has been "working to identify the members of Plaintiff, Petrin, LLC" and that counsel for D&B has been "traveling out of the country and is continuing to obtain additional evidence regarding the amount in controversy."[9] Counsel for D&B represents that "the parties are in active

---

[5] R. Doc. 1. Petrin additionally has named the unknown "supplier" which allegedly made the false claim as a defendant. For purposes of determining whether there is diversity subject matter jurisdiction, the citizenship of a defendant which has been sued under a fictitious name may be disregarded. 28 U.S.C. § 1441(b)(1).

[6] *See*, R. Doc. 4. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). To properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).

[7] In the Petition, Plaintiff does not allege the extent of damages purportedly suffered, nor does it allege that D&B's actions resulted in the loss of a specific amount of business. Indeed, the only explicit amount of damages referenced in the Petition is the $7,500.00 allegedly spent on additional credit services.

[8] R. Doc. 5.

[9] R. Doc. 5, p. 1.

settlement negotiations and an extension of time would further allow the parties to reach an amicable resolution of this matter."[10]  Finally, D&B asserts that "[c]ounsel for Plaintiff has been contacted and he has indicated that he has no objection to the extension."[11]

It is within the court's discretion to allow jurisdictional discovery.  *See*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n. 13 (1978) (explaining that discovery is not limited to the merits of a case, "[f]or example, where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."); *Pudlowski v. St. Louis Rams, LLC*, 829 F.3d 963, 964-965 (8th Cir. 2016) ("A court has an independent obligation to ensure that the case is properly before it.  Discovery is often necessary because jurisdictional requirements rest on facts that can be disputed, for instance, the domicile of the parties."); *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) ("[A] court should take care to give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction…") (internal citations omitted).  *See also*, *Lawson v. Chrysler, LLC*, Civil Action No. 08-19, 2009 WL 961226, at * 3 (S.D. Miss. April 7, 2009) (noting that plaintiff attempted to discover defendant's citizenship by "issuing subpoenas to some of the non-party entities believed to be members of one of Chrysler LLC's members."); *Shreveport Group, LLC v. Zurich North American Ins. Co.*, No. Civ. A 06-0377, 2006 WL 1523203, at * 1 (W.D. La. May 19, 2006) ("Maryland Casualty is granted leave to conduct discovery, if necessary, to learn the identity and citizenship of the members of the LLC.").

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Leave to Conduct Jurisdictional Discovery and for Extension of Time[12] is **GRANTED**.  Dun & Bradstreet, Inc. ("D&B") is granted

---

[10] R. Doc. 5, p. 1.

[11] R. Doc. 5, p. 1.

[12] R. Doc. 5.

3

leave to conduct limited jurisdictional discovery solely for the purpose of determining: (1) the citizenship of Plaintiff, Petrin, LLC; and (2) the amount in controversy. D&B is granted leave to conduct this limited jurisdictional discovery for a period of thirty (30) days from the date of this Notice and Order.

**IT IS FURTHER ORDERED** that, upon expiration of this thirty day limited jurisdictional discovery period and pursuant to this court's October 23, 2017 Notice and Order, D&B shall file a Motion to Substitute the Notice of Removal (R. Doc. 1) with a comprehensive Notice of Removal that properly alleges the citizenship of Petrin, LLC and shall separately file a memorandum and supporting evidence concerning subject matter jurisdiction, specifically whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that Plaintiff shall file either: (1) a memorandum and supporting evidence concerning the court's subject matter jurisdiction, specifically, whether the amount in controversy requirement of 28 U.S.C. § 1332 is met; or (2) a Motion to Remand, within ten (10) days after the filing of D&B's memorandum.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on October 30, 2017.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**